UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON MULVIHILL,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ST. AMANT & ASSOCIATES and PAUL ERIC ST. AMANT,<br><br>　　　　　　Defendants. | No. 2:13-cv-0080 TLN DAD<br><br>FINDINGS AND RECOMMENDATIONS |

This matter came before the court on October 11, 2013, for hearing of plaintiff Jason Mulvihill's motion for default judgment. (Dkt. No. 18.) Attorney Rory Leising appeared telephonically on behalf of the plaintiff. No appearance was made by or on behalf of either defendant. At that time oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted.

PROCEDURAL BACKGROUND

Plaintiff initiated this action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the California Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), California Civil Code § 1788, *et seq*. In his complaint plaintiff seeks statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k, statutory damages of

1

1  $1,000.00 pursuant to California Civil Code § 1788.30(b) and reasonable attorney's fees and
2  costs.  (Compl. (Dkt. No. 1) at 4-5.[1])

3  Defendants were served by substituted service, (Dkt. No. 6), but nonetheless failed to
4  appear in this action.  Pursuant to plaintiff's request (Dkt. No. 7), the Clerk of the Court entered
5  defendants' default on February 19, 2013.  (Dkt. No. 8.)  Thereafter, plaintiff filed a motion for
6  default judgment, which was heard before the undersigned pursuant to Local Rule 302(c)(19) on
7  October 11, 2013.  (Dkt. No. 18.)  Despite being served with plaintiff's request for entry of
8  default (Dkt. No. 7 at 3) and all papers filed in connection with plaintiff's motion for default
9  judgment (Dkt. No. 15 at 20), defendants did not oppose entry of default and neither filed
10 opposition nor appeared at the hearing on plaintiff's motion for default judgment.[2]

11 ## LEGAL STANDARDS

12 Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default
13 judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken
14 as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co.
15 v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United
16 States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also
17 DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826
18 F.2d 915, 917-18 (9th Cir. 1987).

19 Where damages are liquidated, i.e., capable of ascertainment from definite figures
20 contained in documentary evidence or in detailed affidavits, judgment by default may be entered
21 without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages,

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] While the defendants in this case were served by plaintiff with both plaintiff's request for entry of default and his motion for default judgment, such service generally is not required.  See FED. R. CIV. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear" unless a document asserts new or additional claims for relief against the defaulting parties).  Nonetheless, out of an abundance of caution, plaintiff prudently served the defendants with all papers related to the pending motion for default judgment.

however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I. Whether Default Judgment Should Be Entered

According to plaintiff's complaint, this action arises out of the repeated violation of federal and state consumer laws by defendants and defendants' agents, in connection with unlawful efforts to collect a consumer debt. In this regard, plaintiff's complaint alleges that defendant Paul Eric St. Amant is the managing attorney of St. Amant & Associates, is responsible for managing and overseeing of the collection activities of St. Amant & Associates and that the defendants contacted plaintiff in an attempt to collect a debt. (Compl. (Dkt. No. 1) at 2.) In his complaint plaintiff also alleges as follows.

On or about October 10, 2012, he received a telephone call from an individual identifying himself as "Brandon Wilson" who stated that he was looking for Debra Simon, plaintiff's mother. (Id. at 2-3.) Plaintiff informed Mr. Wilson that he could not speak at that time because he was at work. (Id. at 3.) Wilson called plaintiff again four hours later and left a message. (Id.) Two days later, Wilson called again and plaintiff informed Wilson that Debra Simon could not be reached at plaintiff's number and instructed Wilson to stop calling. (Id.) Wilson, however, ignored plaintiff's request and placed an additional fifteen to eighteen calls to plaintiff thereafter.

(Id.) Plaintiff answered those calls on approximately seven to nine occasions and "instructed [d]efendant to stop calling him regarding Debra Simon." (Id.) During one of those conversations, plaintiff stated that he was going to hire an attorney. (Id.) Defendants, however, continued to call plaintiff regarding Debra Simon. (Id.) In this regard, plaintiff alleges that he was annoyed and harassed by defendants' repeated telephone calls. (Id.)

Plaintiff's complaint alleges one cause of action under the FDCPA and one cause of action under the Rosenthal Act. As noted above, the complaint prays for statutory damages of $1,000.00 under 15 U.S.C. § 1692k, statutory damages of $1,000.00 under California Civil Code § 1788.30(b) and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1962k and California Civil Code § 1788.30(c). (Id. at 4-5.)

By his motion for default judgment, plaintiff seeks $1,000.00 in statutory damages under the FDCPA, $1,000.00 in statutory damages under the Rosenthal Act, $3,422.00 in attorney's fees under federal and state law, and $410.90 in costs under federal and state law. (MDJ (Dkt. No. 15) at 18-19.)

Weighing the factors outlined by the court in Eitel, 782 F.2d at 1471-72, the undersigned has determined that entry of default judgment against the defendants is appropriate. Defendants have made no showing that the failure to respond to the complaint is due to excusable neglect. Plaintiff's complaint is sufficient, and there is no reason to doubt the merits of his substantive claims.[3] In light of the defendants' failure to appear and the lack of opposition to plaintiff's claims, there is no possibility of a dispute concerning the material facts underlying the action. Through the instant motion, plaintiff seeks a small award of statutory damages together with a modest award of attorney's fees and costs. While recognizing the public policy favoring decisions on the merits, the court finds that a decision on the merits has been rendered impossible

/////

---

[3] The FDCPA prohibits a debt collector from "engag [ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. "Causing a telephone to ring . . . with intent to annoy, abuse, or harass" is a violation of the FDCPA. (Id.) California's Rosenthal Act has a similar provision. See CAL. CODE CIV. PRO. § 1788.11.

by defendants' default. Because these factors weigh in plaintiff's favor, the undersigned will therefore recommend that plaintiff's motion for default judgment be granted.

II.  Terms of the Judgment

After determining that default judgment is warranted, the court must next determine the terms of the judgment. Any relief granted may not be different in kind from, or exceed in amount, what is demanded in the complaint. FED. R. CIV. P. 54(c).

The FDCPA provides that in a case brought by an individual seeking redress for a debt collector's failure to comply with the provisions of the statute, the court may award any actual damages sustained by the plaintiff as a result of such failure, as well as such statutory damages as the court may allow, but not exceeding $1,000. 15 U.S.C. § 1692k(a). In determining the amount of damages to award, the court is required to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

Similarly, the Rosenthal Act provides that a debt collector who willfully and knowingly violates the statute shall be liable to the debtor for a penalty "in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." CAL. CIVIL CODE § 1788.30(a) & (b). Statutory damages may be awarded cumulatively under both statutes. See 15 U.S.C. § 1692n; CAL. CIVIL CODE § 1788.32.

Here, consistent with the allegations and prayer in his complaint, plaintiff seeks an award of $2,000 in statutory damages, $1,000 pursuant to the FDCPA and $1,000 pursuant to the Rosenthal Act. Having considered the frequency and persistence of the noncompliance with the applicable law by the debt collector in this case, the nature of such noncompliance, and the extent to which such noncompliance was intentional, the undersigned finds that allegations of the complaint, accepted as true, support plaintiff's request for statutory damages for defendants' violations of state and federal law. Accordingly, the undersigned will recommend that plaintiff be awarded $2,000 in statutory damages.

As noted above, plaintiff also seeks an award of attorney's fees and costs. Both the FDCPA and the Rosenthal Act provide for an award of costs and reasonable attorney's fees to a

prevailing plaintiff.  15 U.S.C. § 1692k(a)(3); CAL. CIV. CODE § 1788.30(c).  The Ninth Circuit employs the lodestar approach to determine whether a fee request is reasonable.  Jordan v. Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expected on the litigation by a reasonable hourly rate."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008).  See also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (In a FDCPA case, the district court must calculate awards for attorney's fees using the "lodestar" method).  The lodestar is deemed to be presumptively reasonable, though the district court has the discretion to consider an upward or downward adjustment.  Camacho, 523 F.3d at 978.

   Here, plaintiff requests attorney's fees for a total of 12.2 hours of work, consisting of 11.4 hours of attorney time expended at a rate of $290 per hour (total of $3,306.00) and 0.8 hours of time expended by a paralegal at a rate of $145 per hour (total of $116), for a total award of attorney's fees of $3,422.00.  (MDJ, Ex. A (Dkt. No. 15-1) at 2.)  Plaintiff's request is also supported by a sworn declaration from plaintiff's attorney addressing counsel's experience.  (MDJ, Ex. B (Dkt. No. 15-2) at 1-3.)  The undersigned finds the number of attorney hours expended and the hourly rates requested to be reasonable.  See Torres v. Bernstein, Shapiro & Associates, L.L.C., No. 2:10-cv-2507 KJM DAD, 2012 WL 2376401, at *5 (E.D. Cal. June 22, 2012) (finding $4,128.50 in attorneys' fees reasonable on motion for default judgment on claim of FDCPA violation based on 13.5 hours of work at rates of $275 and $355 per hour); Molina v. Creditors Specialty Service, Inc., No. CIV. S-08-2975 GEB GGH, 2010 WL 235042 at *3 (E.D. Cal. Jan 21, 2010) (finding $5,257.50 in attorneys' fees reasonable on motion for default judgment on claim of FDCPA violation based on 19.1 hours of work); Brablec v. Paul Coleman & Associates, P.C., Civ. No. 2-08-1843 MCE GGH, 2010 WL 235062 at *2 (E.D. Cal. Jan 21, 2010) (awarding $5,700 in attorneys' fees on motion for default judgment on claim of FDCPA violation based on 13.5 hours of work at rates of $300 and $250 per hour); Middlesworth v. Oaktree Collections, Inc., No. 1:09-CV-601 OWW BAK [SMS], 2009 WL 3720884 at *1 (E.D. Cal. Nov. 3, 2009) (awarding $3,114.90 in attorneys' fees on motion for default judgment on

claim of FDCPA violation with attorney rates as high as $394 per hour).  Accordingly, the undersigned will recommend that plaintiff be awarded $3,422.00 in attorney's fees.

With respect to costs, plaintiff's motion seeks an award of costs in the amount of $410.90 representing plaintiff's filing and service of process costs.  (MDJ (Dkt. No. 15) at 4.)  "'Even though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees.'"  Molina, 2010 WL 235042, at *4 (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)).  See also Lowe v. Elite Recovery Solutions L.P., No. CIV S-07-0627 RRB GGH, 2008 WL 324777, at *7 (E.D. Cal. Feb. 5, 2008).  The non-taxable costs of filing and serving the complaint fit this description.  Accordingly, the undersigned will recommend that plaintiff also be awarded $410.90 in costs.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (Dkt. No. 15) be granted; and

2. The district court enter a default judgment against defendant St. Amant & Associates and defendant Paul Eric St. Amant and in favor of plaintiff in the total amount of $5,832.90, comprised of an award of $1,000.00 in statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), $1,000.00 in statutory damages pursuant to California Civil Code § 1788.30(b), $3,422.00 in attorney's fees and $410.90 in costs.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file

/////

/////

/////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 23, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD6
Ddad1\orders.civil\mulvihill0080.mdj.f&rs.docx